IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MIGUEL A. RIVERA-CRUZ | * | |
|     Plaintiff | * | CIVIL NO. 20-1448 |
| | * | |
|     v. | * | ABOUT: |
| | * | Title VII and 42 of the USC § 1983, 1985 |
| MUNICIPALITY OF GUAYAMA, | * | Civil Rights Act 1964 |
| HON. EDUARDO E. CINTRON-SUAREZ, | * | Malicious Prosecution |
| WILLIAM MARTINEZ-GOMEZ, | * | Defamation (Libel and Slander), Bivens |
| JOSE TORRES-SUAREZ, | * | Commonwealth of PR Public Law 80 |
| CARMELO MARTINEZ, | * | PR Civil Code, Arts. 1802 & 1803 |
| JOHN DOE, RICHARD ROE, and their | * | |
| respective insurance companies | * | JURY TRIAL REQUESTED |
|     Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

**TO THE HONORABLE COURT:**

Come plaintiff Miguel A. Rivera-Cruz, through the undersigned attorneys, and very respectfully states, alleges and prays:

**I.    JURISDICTION:**

1. This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42nd of the *U. S. C. § 1983, 1985*, *Civil Rights Act 1964*, Retaliation/Reprisal under the *Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9)*.

2. This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)*. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331... and 2201....

3. Plaintiff's civil rights (under 42 of the United States Code, and Section 1983, Civil Rights Act 1964), and other rights under other state and federal laws were and continue to be violated by the individuals co-defendants, who committed several illegal actions or acts initiating

COMPLAINT
CIVIL NO. 20-1448
Page 2

and instigating illegal criminal charges without any reason against plaintiff, while acting under color of law, *Malicious Prosecution*.

4. Plaintiff suffered civil rights were and continue to be violated by the individuals co-defendants. Plaintiff suffered Defamation (libel and slander) by defendants, which in oral and written communication made false statements that unjustly harms plaintiff's reputation.

5. Plaintiff also invoke the articles 1802 and 1803 of Puerto Rico Civil Code and the Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

6. Plaintiff invoke violation to Commonwealth of Puerto Rico Labor Laws including Public Law No. 80 of May 30, 1976 as amended, whistleblower act, state law against retaliation, and equivalent Federal Labor Laws (United States Code).

7. This Honorable Court also has venue pursuant to 28 United States Code § 1391 since the claims asserted in this action arose in this judicial district.

8. Trial by jury is hereby requested.

II. **PARTIES:**

9. Plaintiff Miguel A. Rivera-Cruz is married, of legal age and resident of Guayama, Puerto Rico. His postal address is HC-02 Box 4937-A, Guayama, P.R. 00784. He is an employee of co-defendant Municipality of Guayama, a law enforcement officer member of the Municipal Police of Guayama.

10. Co-defendant Municipality of Guayama is an independent political and geographical demarcation with its own government; executive and legislative branches (entity). It is divided in department or divisions one of which his a police force commonly referred as Municipal Police of

COMPLAINT
CIVIL NO.  20-1448
Page 3

Guayama. It was created by state law by the Commonwealth of Puerto Rico. The Commonwealth of Puerto Rico was created by law by the US Congress and the Congress retains jurisdiction under the territorial clause of the Constitution of the United States of America.[1]

11.     Co-defendant Hon. Eduardo Cintrón-Suárez is the mayor and senior elected officer of Municipality of Guayama.  He is in charge of the administration of the co-defendant  Municipality of Guayama and the senior supervisor of the municipal police force in Guayama, Puerto Rico.

12.     Co-defendant William Martínez-Gómez is the Commissioner (law enforcement officer) of Municipal Police of Guayama at the time of the facts alleged in the complaint.

13.     Co-defendant José Torres-Suárez is the Inspector (law enforcement officer) of Municipal Police of Guayama at the time of the facts alleged in the complaint.

14.     Co-defendant Carmelo Martinez is a police officer (law enforcement officer) of the Municipal Police of Guayama at the time of the facts alleged in the complaint.

15.     John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Also included are the insurance companies of all the defendants.

**III.     FACTS**:

**Related to all claims against defendants.**

16.     Plaintiff Miguel A. Rivera-Cruz is a law enforcement officer.  After obtaining his high school diploma from William Hower Taff, New York City, NY.  He jointed the Army National

---

[1] *Commonwealth of Puerto Rico v. Sánchez Valle, Et. Al., No. 15-108 (June 9, 2016)* and *Commonwealth of Puerto Rico v. Franklin California Tax-Free Trust, Et. Al., No. 15-233 (June 13, 2016).*

COMPLAINT
CIVIL NO. 20-1448
Page 4

Guard, Engineer Corps. Later he attended college and graduated form InterAmerican University with a bachelor degree on arts (BA) in Criminal Justice, *Magna Cum Laude*.

17. On 1998, plaintiff Miguel A. Rivera-Cruz entered the Municipal Police of Guayama, Puerto Rico. He attended the police academy program; Villalba Academy, honor graduate on August 1998. During his tenure as a police officer in Guayama,, plaintiff was commended for his excellent performance and was awarded several recognitions including police officer of the year, sergeant of the year. He has been promoted thru the years, he is a First Lieutenant. He participated several times in joint operations with state police, state Department of Treasury (*Hacienda*) and state Fire Department (*Bomberos*) and was commended for his outstanding performance. He has been a supervisor in the Municipal Police of Guayama for over 17 years, since 2003.

18. On August 15, 2019, plaintiff Miguel A. Rivera-Cruz was assigned as Interim Operations Director at the Guayama Municipal Police, while Lieutenant Rubén Solivan, badge 6-068 was on leave. Miguel A. Rivera Cruz was given the task of doing the police officers duty roster. Upon his appointment, plaintiff Miguel A. Rivera-Cruz informed the Police Commissioner William Martinez that following the regulations, duties and responsibilities of his position, he would assign everyone go to work.

19. Plaintiff Miguel A. Rivera-Cruz created a duty roster where everyone had to work, participate. All the staff had to work three days in the shifts. That way all the spaces were filled, all the work assignments were covered, and all the positions were filled. The administrative staff had changes in their assignment, which was not well taken nor appreciated.

20. The Commissioner informed that about the first officer to complain and even resigned to her posts and assignments was Sergeant Jeannette Soto, badge 8-071. The second was

COMPLAINT
CIVIL NO. 20-1448
Page 5

co-defendant Carmelo Martinez, badge 083, who only attended two shifts. In his second shift he showed up and took service on a day that appeared to be a holiday on the service list and made changes to the service list himself.  The last Sunday according to the service list he had a shift and was absent.  Captain Tomas Rolón, 4-016 noticed it, called him to tell him to report to duty but later granted him leave (holiday) to avoid problems.  He is one of agents with the special privileges of not working on weekend neither holidays as noticed during the 22 years of service of the plaintiff Miguel A. Rivera-Cruz in the Guayama Police.  Third, Inspector Jose Torres Suarez was upset because he had to work one weekend per duty roster, Inspector Jose Torres Suarez has not worked weekends or nights since Hurricane Maria.

21. During that time, there was a murder at Luis Pales Matos Public Housing Project. Co-defendant Carmelo Martinez indicated plaintiff Miguel A. Rivera-Cruz that he witnesses the murder.  In order to interview the agent (co-defendant Martinez) on the murder case, plaintiff Miguel A. Rivera-Cruz went to the Commissioner's Office where several calls were made. He called Mrs. Edda Plana Deball (Mayor's Special Aid) for help and the Commissioner called Mr. Obrayan Vazquez Molina (Guayama's *Vice Mayor de facto).*  They went to Mr. Vazquez Molina's house where after several unsuccessful attempts contact Mr. Vazquez Molina.

22. Co-defendant Carmelo Martinez brought the issue of personal security because he witnessed the murder in the public housing area that he was living, Luis Pales Matos Public Housing Project.  Mr. Obrayan Vazquez Molina got an apartment in the Olimpo area for Carmelo Martinez to move- in due to security issues (for witness protection).

23. Two fund raising were made to relocated co-defendant Carmelo Martinez because he indicated that he had no money.  Plaintiff Miguel A. Rivera Cruz was in charge of the collection

COMPLAINT
CIVIL NO. 20-1448
Page 6

at the precinct where $200.00 was collected. The second collection was in charge of Mr. Vazquez Molina where he got the rest of the rent to be paid for the first month's rent.

24. A few days later Plaintiff Miguel A. Rivera-Cruz learned that co-defendant Carmelo Martinez did not move out of the public housing (crime scene) and refused to testified before the Puerto Rico Police agents investigating the murder case. Plaintiff wrote a memo to defendant Martinez requesting the return the money collected for his witness temporary house, to returned it to the donors. It was granted until August 30, 2019. On August 19, 2019, defendant Carmelo Martínez handed over the money collected.

25. In relation to the murder that took place in the Luis Pales Matos Public Housing Project, plaintiff Miguel A. Rivera-Cruz submitted a criminal complaint for filing against defendant Carmelo Martinez for possible dereliction and/or omission of duty for refusing to testified before the Puerto Rico Police agents investigating the murder case. As a result, the administration of the Guayama Police decided to file an administrative investigation; but never actually happened.

26. The investigation against defendant Carmelo Martinez for possible dereliction and/or omission of duty for refusing to testified before the Puerto Rico Police agents investigating the murder case was never initiated but instead co-defendant Municipality of Guayama initiated an administrative investigation against plaintiff Miguel A. Rivera-Cruz in retaliation/reprisal.

27. Co-defendant Municipality of Guayama and other defendants including co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez; illegally and violating the civil rights of the plaintiff, filed an administrative inquiry against plaintiff Miguel A. Rivera Cruz on October 11, 2019, under Rule #1, series 2016-17, article 15.4, created and refereed to a Municipal Police Internal Affairs Investigation Board. Co-defendant Jose Torres-Suarez was

COMPLAINT
CIVIL NO. 20-1448
Page 7

appointed as the officer to investigate and to refer the findings to the Commissioner, co-defendant William Martínez-Gómez, the allegations of possible administrative misconduct. Attached is included a copy of the complaint against plaintiff Miguel A. Rivera-Cruz, (**Exhibit I**).

28. Later was found that the investigation was based on an alleged information on work / labor harassment against co-defendant Carmelo Martinez. The alleged communication or the complaint of co-defendant Carmelo Martinez was never found.

29. Co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez are law enforcement officer; Commissioner, Inspector and police officer of the Municipal Police of Guayama at the time of the facts alleged in the complaint.

30. Co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez are Municipality of Guayama (Government) Employees that discriminated and illegally acted against plaintiff Miguel A. Rivera-Cruz and deprived him of his constitutional rights, are law enforce officers. The individuals were municipal government employees and acting "*under color of state law*" at the moment that they committed the civil rights violations against plaintiff Miguel A. Rivera-Cruz . Some other individuals have not been completely identified at the moment, so they were identified as John Doe.

31. Co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez illegally and with false information initiated and instigated a criminal action against plaintiff. The criminal action terminated in favor of plaintiff; the defendants acted with malice and without probable cause; and the plaintiff suffered damages.

32. The regulation mentioned as jurisdiction for the administrative investigation against plaintiff has never been filed with the Department of State for approval in accordance with the state

COMPLAINT
CIVIL NO. 20-1448
Page 8

law. Regulation # 1382 series 2010-11, is the only regulation based in the Department of State. Section 15 states that the investigation shall be completed within 90 days, but may be extended for an additional 30 days.

33. To this date plaintiff Miguel A. Rivera-Cruz has not received a formal copy of the complaint against him. The person who is complaining against him is the same person who was referred to the Department of Justice for criminal charges, co-defendant Carmelo Martinez.

34. Several of the illegal acts committed against claimant are: a. illegal filing of criminal charges and investigations; illegal release of his personnel records to third parties; b. illegal release of his confidential documents/records containing personal information to third parties; c. Retaliation/reprisal started after filing a complaint against defendant Carmelo Martinez who is protected by his supervisors co-defendants William Martínez-Gómez and José Torres-Suárez and the Municipality of Guayama.

35. Plaintiff Miguel A. Rivera-Cruz suffered violations to his civil rights, due process, discrimination, labor law violations (state and federal law), retaliation/reprisals, personal damages under article 1802 and 1803, Privacy Act, etc. while working for the Municipality of Guayama as a police officer.

36. Several of the illegal acts committed against plaintiff Miguel A. Rivera-Cruz are:

    a. malicious prosecution

    b. Defamation; libel and slander

    c. Retaliation/reprisal acts.

    d. illegal release of his confidential documents/records containing personal information to third parties.

e. Violations to Constitutional Right to *Due Process*.

37. Plaintiff Miguel A. Rivera-Cruz filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on February 25, 2020.  The complaint was referred to the U. S. Department of Justice, Civil Rights Division issued a Notice of Right to Sue upon plaintiff's request. The Notice was received on August 26, 2020.

38. Plaintiff Miguel A. Rivera-Cruz is a Government Official, a government employee, a career law enforcement officer. He has a property interest for due process purposes as established in *Board of Regents of State College v. Roth 408 U.S. 564, 577, 33 L.Ed. 2d 548 (1972). Cleveland Board of Education v. Loudermill, supra; Rojas v. Aponte Roque, 678 F. Supp 23, 25 (D. Puerto Rico 1987). Gierbolini vs Aponte Roque, 666 F. Supp. 332,* confirmed in *848 F. 2d. 331 (1rst. Cir. 1988). Perry v. Sindermann, 408 U.S. 593, 33 L. Ed. 2d 570 (1972); Cheveras Pacheco vs. Rivera González, 809 F. 2d. 125 (1st. Cir. 19).* "A broad range of interest that are secured by existing rules or understandings... A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Venetuolo v. Burke, 596 F.2d 476*

**IV.    CAUSES OF ACTION:**

All the paragraphs stated herein in the Jurisdiction and Facts are literary incorporated herein and are made part of the following paragraphs and causes of action.

**First Cause of Action**

39. Plaintiff Miguel A. Rivera-Cruz suffered *Defamation* (libel and slander) by defendants, which in oral and written communication made false statements that unjustly harms plaintiff's reputation.

COMPLAINT
CIVIL NO. 20-1448
Page 10

40. Co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez illegally, intentionally and with malice, started a campaign of defamation (libel and slander) against plaintiff. They orally and in written communication made false statements that unjustly harms plaintiff's reputation.

## Second Cause of Action

41. Co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez illegally and with false information initiated and instigated a criminal action against plaintiff. The criminal action terminated in favor of plaintiff; the defendants acted with malice and without probable cause; and the plaintiff suffered damages.

## Third Cause of Action

42. Plaintiff Miguel A. Rivera-Cruz rights under the provisions of the property interest for due process purposes. Co-defendants William Martínez-Gómez, José Torres-Suárez and Carmelo Martinez tried to dismiss/fire him from his job at the Municipal Police of Guayama, without any cause, illegally, intentionally and without any due process. Contrary to *Board of Regentsof State College v. Roth 408 U.S. 564, 577, 33 L.Ed. 2d 548 (1972). Cleveland Board of Education v. Loudermill, supra; Rojas v. Aponte Roque, 678 F. Supp 23, 25 (D. Puerto Rico 1987). Gierbolini vs Aponte Roque, 666 F. Supp. 332,* confirmed in *848 F. 2d. 331 (1rst. Cir. 1988).*

43. *Perry v. Sindermann, 408 U.S. 593, 33 L. Ed. 2d 570 (1972); Cheveras Pacheco vs. Rivera González, 809 F. 2d. 125 (1st. Cir. 19). "A broad range of interest that are secured by existing rules or understandings... A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." Venetuolo v. Burke, 596 F.2d 476*

COMPLAINT
CIVIL NO. 20-1448
Page 11
*(1979) (citing Roth, at 577).*

### Fourth Cause of Action

44.     Plaintiff Miguel A. Rivera-Cruz rights under the provisions of the *Article 1802* and *1803* of *Puerto Rico Civil Code* are invoked, defendants are liable. The Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367 were violated by defendants.

### Fifth Cause of Action

45.     Plaintiff Miguel A. Rivera-Cruz rights under the provisions of the Commonwealth of Puerto Rico Labor Laws including *Public Law No. 80 of May 30, 1976* as amended, state law against retaliation, and equivalent Federal Labor Laws (United States Code) were violated by defendants. The Puerto Rico Law under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367 were violated by defendants.

### Sixth Cause of Action

46.     *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)*. All actions against public state officials (including municipal employees) should be allowed due to the recent opinions of the US Supreme Court, clearly establishing that the Government of the Commonwealth of Puerto Rico was created by federal law, so its actions (in criminal cases) should be considered as actions by the Federal Government, *Commonwealth of Puerto Rico v. Sánchez Valle, Et. Al., No. 15-108 (June 9, 2016)*, *Commonwealth of Puerto Rico v. Franklin California Tax-Free Trust, Et. Al., No. 15-233 (June 13, 2016)*.

47.     The Commonwealth of Puerto Rico is a territory, so the Congress's authority is exercised under the Territories Clause. See  *FINANCIAL OVERSIGHT AND MANAGEMENT*

COMPLAINT
CIVIL NO. 20-1448
Page 12

*BOARD FOR PUERTO RICO, PETITIONER v. AURELIUS INVESTMENT, LLC, ET AL. AURELIUS INVESTMENT, LLC, ET AL., PETITIONERS v. COMMONWEALTH OF PUERTO RICO, ET AL. OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS OTHER THAN COFINA, PETITIONER v. AURELIUS INVESTMENT, LLC, ET AL. UNITED STATES, PETITIONER v. AURELIUS INVESTMENT, LLC, ET AL. UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO, INC., PETITIONER v. FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ET AL. No. 18-1334 No. 18-1475 No. 18-1496 No. 18-1514 No. 18-1521 06-01-2020.*

48.     The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiff.

49.     Some officers unknown at the moment conspired and act under color of law to illegally damaged and pressed charges against plaintiff Miguel A. Rivera-Cruz. The original damages have been running and occurring continuously, new damages occurred and initiated after he testified to the PR Police Officers investigating the murder case.

**V.    DAMAGES:**

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

50.     Plaintiff Miguel A. Rivera-Cruz suffered violation of his civil rights for malicious prosecution caused by co-defendants and some officers unknown at the moment, who conspired and act under color of law to illegally damaged and pressed charges against him . Damages estimated

COMPLAINT
CIVIL NO. 20-1448
Page 13
on $1,000,000.00.

51. Plaintiff Miguel A. Rivera-Cruz was humiliated, discriminated, harassed, persecuted and his due process rights, rights under the provisions of the property interest for due process damages estimated on $1,000,000.00.

52. Plaintiff Miguel A. Rivera-Cruz has suffered damages to his honor and reputation in the community due to defamation. Damages that sum the amount of $500,000.00.

53. Plaintiff Miguel A. Rivera-Cruz has suffered and continue to suffer, severe emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976* claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated on $100,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiff and to award them a sum no less than TWO MILLIONS SIX HUNDRED THOUSAND DOLLARS ($2,600,000.00) suffered by him because of defendants combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 29th day of August of 2020.

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez, Esq.

**COMPLAINT**
**CIVIL NO. 20-1448**
**Page 14**

                           PO Box 7693
                           Ponce, Puerto Rico 00732-7693
                           Tel. (787) 843-2828 / 843-2900 Fax (787)284-1267
                           Email:  **juan_r_rodriguez00732@hotmail.com**
                                          **juan.r.rodriguez00732@gmail.com**

                           By:     *S\Juan R. Rodriguez*
                                   **JUAN R. RODRIGUEZ**
                                   **USDC-PR 214410**